FILED
JUN 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8579

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| vs. | 21 U.S.C. § 952 and 960 |
| Habib Sayb MUJICA | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

That on or about June 28, 2008, within the Southern District of California, defendant Habib Sayb MUJICA did knowingly and intentionally import approximately 34.28 kilograms (75.41 pounds) of marijuana a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

S/A Douglas A. Struckmeyer
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 30TH, DAY OF JUNE 2008.

Peter C. Lewis
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA

v.

Habib Sayb MUJICA

## STATEMENT OF PROBABLE CAUSE

This statement of facts is based on the reports, documents, and notes furnished to US Immigration and Customs Enforcement Special Agent Douglas Struckmeyer.

On June 28, 2008 at approximately 8:20 AM, Habib Sayb MUJICA entered the United States at the Calexico, California, West Port of Entry. MUJICA was the driver and sole occupant of 1994 Saturn SC2 sedan registered in his name. Customs and Border Protection Officer (CBPO) Parker was assigned to primary lanes when MUJICA entered her lane. MUJICA gave Officer Parker a negative oral customs declaration. MUJICA said that he owned the vehicle. Officer Parker noted during the inspection that the vehicle had a strong odor of bleach emanating from it and that the driver's side and passenger's side quarter panels sounded unusually solid when tapped. He also noticed that the screws in the wheel well appeared to have been tampered with. Based on his observations, CBPO Parker referred MUJICA and the vehicle to the vehicle secondary area for further inspection.

In the vehicle secondary lot, CBPO Garcia received a negative oral Customs Declaration from MUJICA. MUJICA stated that he was the owner of the vehicle and he was entering the United States in order to go shopping at Wal-Mart. During the secondary inspection, Canine Enforcement Officer (CEO) Waters was conducting a lot sweep with his Narcotic Detector Dog (NDD). As part of the lot sweep, CEO Waters screened MUJICA's vehicle with his NDD. CEO Waters' NDD alerted to the quarter panels of the vehicle, indicating the presence of the odor of a controlled substance in that area.

A subsequent inspection of the vehicle revealed 17 packages in the quarter panels of the vehicle. Officer Garcia probed one of the packages and a sample of a

green leafy substance was obtained, which field tested positive for marijuana. The 17 packages had a combined net weight of approximately 34.28 kilograms (75.41 pounds).

Special Agents (S/A's) Struckmeyer and Morquecho interviewed MUJICA. S/A Struckmeyer advised MUJICA of his Miranda rights in Spanish at approximately 12:30 PM. MUJICA stated that he understood his rights and that he was willing to make a statement without an attorney present.

MUJICA denied knowledge of the marijuana in the vehicle. MUJICA stated that he purchased the vehicle in May 2008. He said that he took the vehicle to a mechanic in Mexicali, Baja California, Mexico on Wednesday, June 25, to have some repairs done to the vehicle. The mechanic cleaned the radiator and installed a new thermostat, water pump, and temperature gauge in the vehicle. He said that he picked up the vehicle from the mechanic early on the morning of June, took the vehicle for a short test drive, then drove the vehicle directly to the Calexico Port of Entry, where he was subsequently arrested.

MUJICA stated that the only stop he made was when he pulled over to the side of the rode before reaching the Port of Entry check the trunk for bottles of water. He said that he kept the bottles of water in the trunk in case the vehicle were to overheat, and he wanted to make sure that the water was in the vehicle before reaching the Port of Entry because he was afraid that the vehicle was going to overheat this time. S/A Struckmeyer asked why he believed the vehicle would overheat considering that it was only 7:00 AM, the weather was relatively cool, and he had just had the entire cooling system repaired. MUJICA's only explanation was that, although the mechanic had come highly recommended, he was unfamiliar with the quality of their work.

MUJICA stated that he believed the marijuana was put into the vehicle by the mechanics who had worked on the vehicle. Throughout the interview, however, he stated that nobody from the shop had asked him to take the vehicle to any particular location, the mechanic did not know where he was taking the vehicle when he left the shop, and the mechanic did not even know where he lived.

Executed on 06/28/2008 at 6:00 PM.

Douglas A. Struckmeyer, Special Agent

U.S. Immigration and Customs Enforcement

On the basis of the facts presented in the probable cause statement consisting of three (3) pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on June 28, 2008, in violation of Title 21 United States Code, Section(s) 952 & 960

Date 6/29/08
United States Magistrate Judge    at 12:35 pm